UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60350-CIV-COHN

GREGORY LASKY and
ADVOCATES FOR DISABLED AMERICANS,

   Plaintiffs,

vs.

CITY OF OAKLAND PARK,

   Defendant.
_____/

**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT
AS TO COUNT I and ORDER DISMISSING COUNTS II and III**

THIS CAUSE is before the Court upon Defendant's Motion for More Definite Statement as to Count I [DE 2], Motion for Enlargement of Time to Respond to Count I Pending a More Definite Statement, and Motion to Dismiss Counts II and III [DE 3]. The Court has carefully considered the motion and is fully advised in the premises, including the lack of timely filed opposition to the motion. A response to the motion was due by April 1, 2007.[1]

Even though Plaintiffs now do not oppose the relief, the Court had already undertaken a review of the merits of Defendant's motion, and therefore enters this Order to provide guidance to Plaintiff in filing an amended complaint. The Complaint asserts that Plaintiff Gregory Lasky is a disabled resident of the City of Oakland Park, while Plaintiff Advocates for Disabled Americans ("AFDA") is a "non-profit civil rights

---

[1] On April 6, 2007, after this Order was drafted but prior to its being entered onto the docket, Defendant filed a notice of Plaintiff's agreement to the relief sought in this motion.

organization dedicated to enhancing the lives of the disabled community." Complaint, ¶ 3 [DE 1].  Count I of the Complaint alleges violations of Title II of the Americans with Disabilities Act ("ADA") by simply stating that: "The Defendant's services are not accessible to the disabled.  Specifically, the Defendant does not have proper parking for the disabled; accessible routes; accessible bathrooms; services, recreation areas, library, streets and sidewalks, etc."  Complaint, ¶ 6.

It is clear that Defendant is correct that it is unable to properly answer this broad claim covering the entire city.  Plaintiffs must allege particular services and locations that violate the ADA.  If, on the other hand, Plaintiffs are alleging that accessibility is completely lacking for a particular service, as opposed to an existing service/location that simply requires updated accommodations for accessibility by disabled patrons, Plaintiffs must identify the service with more definiteness than in the Complaint.  Thus, even if Plaintiffs' counsel has not received Defendant's motion, the Court cannot conceive of any argument to oppose the conclusion that the Complaint fails to satisfy even the liberal pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure.

Turning next to Defendant's motion to dismiss Counts II and III, the Court notes that the third count of the Complaint, labeled "Fourth Count," does not state a claim but merely asserts associational standing by AFDA.  Therefore, the labeled "Fourth Count" does not state a claim for relief.   In an amended complaint, associational standing should not be a separate count in the Complaint, but may be plead in the "Parties" section.

As to Count Two, Plaintiffs attempt to state a claim under the Florida Civil Rights

Act.  Rather than citing to Florida Statutes, however, Plaintiff cites to a U.S. District Court case name and docket number from the Northern District of Florida.   Without deciding whether Plaintiffs can state a claim under Florida law, Plaintiffs have not done so in Count II of the Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for More Definite Statement as to Count I [DE 2] is hereby **GRANTED**;

2. Defendant's Motion for Enlargement of Time to Respond to Count I Pending a More Definite Statement [DE 3] is hereby **GRANTED**;

3. Defendant's Motion to Dismiss Counts II and III [DE 3] is hereby **GRANTED**, without prejudice;

4. Plaintiffs have leave to file an Amended Complaint in response to this Order;

5. Failure to file an Amended Complaint by April 27, 2007 will result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of April, 2007.

JAMES I. COHN
United States District Judge

copies to:
E. Bruce Johnson, Esq./Tamara Scrudders, Esq.
Anthony Brady, Esq.