UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60350-CIV-COHN

GREGORY LASKY,

    Plaintiff,

vs.

CITY OF OAKLAND PARK,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS**
**ORDER GRANTING IN PART MOTION TO STRIKE**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Second Amended Complaint, or Alternatively, Motion to Strike [DE 21]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. This motion became ripe on July 9, 2007.

Plaintiff Gregory Lasky ("Plaintiff"), a disabled resident of the City of Oakland Park, filed his Second Amended Complaint alleging violations of Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act [DE 20]. Plaintiff's initial complaint was partially dismissed by this Court for lacking in sufficient specificity under the Federal Rules as to what services and locations within the City allegedly violated the ADA [DE 9].[1] After the First Amended Complaint [DE 13] was met by

---

[1] The Court stated that: "It is clear that Defendant is correct that it is unable to properly answer this broad claim covering the entire city. Plaintiffs must allege particular services and locations that violate the ADA. If, on the other hand, Plaintiffs are alleging that accessibility is completely lacking for a particular service, as opposed to an existing service/location that simply requires updated accommodations for accessibility by disabled patrons, Plaintiffs must identify the service with more definiteness than in the Complaint." Order Granting Motion for More Definite Statement

another Motion to Dismiss [DE 16], Plaintiff agreed to not oppose the motion and to file a Second Amended Complaint.  Defendant has now moved to dismiss or strike certain allegations from the Second Amended Complaint.

For the first time, Plaintiff has now alleged ADA violations as to specific barriers at specific locations of City-owned property and/or facilities.  These allegations in paragraph 26 of the Second Amended Complaint are not the subject of the motion to dismiss, given Plaintiff's statement in response to the motion that these "are the only violations Plaintiff if suing for."   In fact, in its Reply Memorandum [DE 23], Defendant has limited its request for relief to dismiss and/or strike the allegations in the Complaint pertaining to the "Self-Evaluation" and "Transition Plan" issues,[2] the history of non-compliance, and the lack of an ADA coordinator.  Defendant withdraws its argument regarding lack of standing if the Court limits the Complaint to those allegations in paragraph 26, with "inter alia" being stricken from that paragraph.

Given Plaintiff's response to the motion, the Court will grant Defendant most of its narrowed request for relief.  The Court will deny the motion to dismiss, but grant the motion to strike paragraphs 6, 11-13, 23-24, and the term "inter alia" from paragraph 26.  The Court denies the motion to strike paragraphs 7 and 14-22, as these paragraphs do relate to the underlying claim of current ADA violations.

---

[DE 9].

[2] Under Title II of the ADA, local governments were required to complete a Self-Evaluation and Transition Plan regarding their accessibility under the ADA. However, Defendants argue that there is no private right of action regarding any failure to comply with these provisions.  Rather, the cause of action concerns current accessibility.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Second Amended Complaint is hereby **DENIED**;

2. Defendant's Alternative Motion to Strike [DE 21] is hereby **GRANTED in part** and **DENIED in part**. Paragraphs 6, 11-13, 23-24, and the term "inter alia" in paragraph 26 are hereby **STRICKEN** from the Second Amended Complaint;

3. Defendant shall file an Answer to the Second Amended Complaint by July 27, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2007.

*JAMES I. COHN*
United States District Judge

copies to:

E. Bruce Johnson, Esq./Tamara Scrudders, Esq.
Anthony Brady, Esq.